UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDNA FARLEY,

      Plaintiff,

v.                                      CASE No. 8:06-CV-2342-T-MAP

MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant.
_____/

**ORDER**

This is an action seeking judicial review of the Commissioner's decision denying the Plaintiff Social Security disability benefits. *See* 42 U.S.C. §§ 405(g) and 1383(c)(3). Because the ALJ failed to comply with SSR 00-4p when he neglected to inquire on the record as to whether or not there was a discrepancy between the vocational expert's occupational evidence and the Dictionary of Occupational Titles (DOT), the matter is remanded for further administrative proceedings.[1]

*A. Standard of Review*

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations that are currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520; 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a);

---

[1] The parties consented to my jurisdiction. *See* 28 U.S.C. § 636.

416.920(a). Under this process, the Secretary must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of Appendix 1, 20 C.F.R. Subpart P; and whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of her age, education, and work experience. A claimant is entitled to benefits only if unable to perform other work. See *Bowen v. Yuckert*, 482 U.S. 137 (1987); 20 CFR §§ 404.1520(f), 416.920(f).

In reviewing the ALJ's findings, this court must ask if substantial evidence supports them. *Richardson v. Perales*, 402 U.S. 389 (1971). The ALJ's factual findings are conclusive if "substantial evidence" consisting of "relevant evidence as a reasonable person would accept as adequate to support a conclusion" exists. See 42 U.S.C. § 405(g); *Keeton v. Department of Health and Human Services*, 21 F.3d 1064 (11th Cir. 1994). The court may not reweigh the evidence nor substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he has conducted the proper legal analysis, mandates reversal. *Keeton*, supra, at p. 1066; *Jamison v. Bowen*, 814 F.2d 585 (11th Cir. 1987) (remand for clarification).

*B. Background*

Plaintiff, who was 55 years old at her last administrative hearing (March 27, 2006), suffers from diabetes, diabetic neuropathy, anxiety, and atypical chest pain. Throughout her application and adjudication process Plaintiff claims to suffer from other impairments too, including severe allergies and allergic reactions, complications from a heart attack and strokes, and rectal bleeding causing a near death experience, however the medical evidence does not document these problems. She alleges she became disabled on March 6, 1996, and has previous work experience as an accountant/ bookkeeper, a medical secretary and office manager, an executive secretary/ administrative assistant and as a night manager for a convenience store. She has a high school education, and currently lives with her mother.

At this juncture, the Plaintiff appeals ALJ's decision that she retains the residual functional capacity to perform a wide range of medium work activity through her last date of insured, March 31, 2001, capable of medium work in a temperature controlled environment with occasional limitations in bending, stooping, and crouching until November 2004 when she began experiencing arthritis in her hands and carpal tunnel syndrome with ulnar nerve entrapment, and limited to occasional rather than frequent use of her hands for fine manual dexterity thereafter (R. 898). Based on these limitations and with the assistance of a VE, the ALJ opined she could perform her past relevant work as a medical assistant and receptionist, an accounting clerk and a secretary/administrative assistant (R. 898).

*C. Discussion*

In short, the Plaintiff has endured four hearings before three different administrative law judges, two reversals and remands by the Appeals Council, and this is the second time the Plaintiff has sought judicial review.  Plaintiff's first appeal to this Court resulted in a remand for further administrative proceedings because an ALJ erred by failing to evaluate Plaintiff's allegations of anxiety.  In his Order, Magistrate Judge Thomas Wilson instructed that "on remand, the Commissioner should follow the dictates of Social Security Ruling 00-4p and eliminate that recurring argument." *See* (R. 961), *Farley v. Barnhart*, 8:04-cv-814-T-TGW (doc. 24).  On remand, despite the cautionary instruction, the ALJ failed to ask about any possible conflict between the VE evidence and information provided in the DOT.  *See* Social Security Ruling 00-4p, *4.  Instead, the ALJ posed this hypothetical to the VE: "Assume then an individual of the same age, educational and work experience as the Claimant, and has the residual functional capacity capable of medium work with a frequent limitation of performing tasks requiring fine manual dexterity, and an occasional limitation of bending, stooping, and crouching, but capable of performing routine tasks in an air-conditioned environment" (R. 1627).  The ALJ responded that "all relevant work as defined would remain appropriate" (R. 1627).[2]

---

[2] The ALJ's hypothetical posed to a vocational expert must comprehensively describe the plaintiff's limitations.  *See Pendley v. Heckler*, 767 F.2d 1561, 1563 (11th Cir. 1985). Of course, the ALJ is not required to include limitations found not credible, and submits to the expert only those supported by objective evidence of record.  *See Wolfe v. Chater*, 86 F.3d 1072, 1078 (11th Cir. 1996), *McSwain v. Bowen*, 814 F.2d 617, 620 n.1 (11th Cir. 1987).

4

Now, the Plaintiff asserts that she cannot do her past work as those jobs, as described in the DOT, involve "frequent handling" and all jobs except for her receptionist job require "frequent fingering."[3] The ALJ's hypothetical referred to neither "fingering" nor "handling." Instead, the ALJ asked about jobs Plaintiff could perform with a "frequent limitation of performing tasks requiring fine manual dexterity." If the ALJ had followed "the dictates of 00-4p" as Magistrate Judge Wilson advised, and had asked the VE whether his analysis conflicted with the DOT, the discrepancy Plaintiff complains of now could have been avoided.[4] For these reasons, remand to the ALJ to determine whether the jobs identified by the VE are in fact consistent with the definitions in the DOT and the Plaintiff's limitations is appropriate. *See Leonard v. Astrue*, 487 F.Supp. 2d 1333, 1339 (M.D. Fla. 2007) (remanding to ALJ and noting that before ALJ can rely on VE's testimony as substantial evidence he must resolve any conflict between the VE's

---

[3] "Handling" means having the ability to seize, hold, grasp, or turn an object, while "fingering" means having the ability to pick or pinch. *Moore v. Astrue*, 2007 WL 4201112, *1 (November 29, 2007); SSR 85-15 (1984).

[4] The Commissioner argues that the VE's testimony is not in conflict with the DOT definitions and claims Plaintiff can perform her past relevant work, asserting that prior to the expiration of her insured status through November 2004, the ALJ found Plaintiff had no limitation on the use of her hands and hence, could perform her past jobs even if they require frequent handling  (R. 896, finding 7).  The Commissioner further asserts that beginning November 2004, Plaintiff could continue to perform her past work since her past jobs require frequent handling akin to gross manipulation, not fingering requiring fine manipulation, and that Plaintiff's limitation to occasional use of hands for fine manual dexterity would not limit her ability to perform handling/ gross manipulation.  This argument is flawed, as SSR 85-15 sets forth that both handling and fingering require "fine motor dexterity" albeit to varying degrees.  *See* n. 3, *supra*.  The Commissioner concludes in its memorandum of law that "Plaintiff's limitation to occasional use of her hands for fine manual dexterity would limit her ability to perform handling," This, however, is an issue for the ALJ to determine with the assistance of the VE.

testimony and DOT and explain in his decision how he resolved the apparent conflict).

On remand, the ALJ should also discuss Plaintiff's contentions that some of her prior jobs should not be considered past relevant work since more than fifteen years has passed since she last performed the work, and address the binding, or *res judicata*, effect (or lack thereof) of the residual functional capacity findings of the previous ALJ's.

*C. Conclusion*

For the reasons stated, the Commissioner's decision is REVERSED, and the matter REMANDED for further proceedings.  The Clerk shall enter judgment for the Plaintiff in accordance with this order.

DONE AND ORDERED at Tampa, Florida on February 8, 2008.

/s/ Mark A. Pizzo
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE